STANLEY KITCHING, *Plaintiff in Error,* v. STATE *ex rel.* THOMAS TAYLOR, *Defendant in Error.*

Whatever may be the statutory power and duty of the county board of public instruction in canvassing the returns made by the inspectors of an election held under the statute in a Special Tax School District, when the actual legal results of an election are duly established by pleadings or proofs in a proper *quo warranto* proceeding, it is the duty of the court to award judgment in accordance with the law and the established facts.

Appealed from the Circuit Court for Palm Beach County.

The facts of the case are stated in the opinion of the court.

*Shutts, Smith & Bowen,* for Plaintiff in Error;

*Currie & Carmichael,* for Defendant in Error.

WHITFIELD, C. J.—As authorized by Section 2259 of the General Statutes of Florida, Thomas Taylor, upon the refusal of the Attorney General to do so, brought quo warranto proceedings to recover from Stanley Kitching

the office of trustee for special tax school district No. 2 of Palm Beach county. The court gave judgment for the relator Taylor and Kitching took writ of error.

The relator Taylor alleges in effect that according to the returns of the inspectors of the election he recived 17 votes and the respondent Kitching received 14 votes; that the county board of public instruction recounted the votes cast at the election and declared that Kitching received 23 votes and that Taylor received 19 votes; that Kitching usurps and exercises the authority of said office; that relator was at the election and now is a citizen of Florida and a duly qualified voter at the election. The prayer is for an ouster of Kitching and a judgment that Taylor is entitled to the office. A motion to quash the proceeding was denied. An answer was filed and a demurrer thereto was sustained with leave to file an amended answer.

By amended answer the respondent admits that the inspectors of the election returned the vote as being 17 for Taylor and 14 for Kitching, but denies that Taylor was duly elected and avers that Kitching was legally elected in that a total of 49 votes were cast of which Kitching received 23 votes and Taylor received 19 votes, third persons receiving the other votes; that the inspectors of election unlawfully failed and refused to count nine votes for respondent which were legally cast for him; that said ballots as cast and not counted by said inspectors were in the form provided by law and were cast by qualified voters and were cast for respondent, which made a majority for respondent. A demurrer to the amended answer was sustained. Subsequently on motion of relator the amended answer was stricken, the order of the court thereon being as follows:

"This cause coming on to be heard this day upon

motion of Relator to strike from the files the Amended Answer of Respondent in the above entitled cause, and after due consideration of the same, and it further appearing from the pleadings, that the return of the Inspectors at said election showed that Thomas Taylor, was, and had been duly elected to the office as School Trustee.

And it further appearing by the pleadings in said cause that said certificate of the Inspector aforesaid, together with the Ballot Box, and votes therein cast at said election as required by law, were forwarded to the Board of Public Instruction at West Palm Beach, Palm Beach County, Florida, and received by them.

And it further appearing that at the request of the respondent the said Stanley Kitching, who was also a candidate for the office of School Trustee before the voters at said election, the said certificate of the said Inspectors and clerk at said election, was totally disregarded, and set aside, and the votes so cast, at said election was recounted by said Board of Public Instruction of Palm Beach County, Florida, and the said respondent the said Stanley Kitching declared elected by said Board, all of which by said Board, was wholly illegal, and contrary to the general election law of this State, under which this election was held.

It is therefore the opinion of the court, that it was the duty of the said Board of Public Instruction to make their canvas solely and entirely from the returns so made by the Precinct Inspectors and to determine whether the paper is and was a return or certificate signed by the Inspectors, and then to declare the result as was shown by said returns.

It is therefore ordered, adjudged and decreed that the motion to strike from the files the amended answer in said cause, be and the same is hereby sustained."

Whatever may be the statutory power and duty of the county board of public instruction in canvassing the returns made by the inspectors of an election held under the statute in a Special Tax School District, when the actual legal results of an election are duly established by pleadings or proofs in a proper *quo warranto* proceeding, it is the duty of the court to award judgment in accordance with the law and the established facts.

The relator's demurrer admits the respondent's averments that 49 votes were cast, that 9 votes legally cast for respondent were not counted for him by the inspectors, and that relator in fact received 19 votes while respondent received 23 votes, the other votes being for other parties. These essential facts being admitted by the demurrer are to be regarded as established for the purposes of this case as it now stands, and consequently, the judgment for the relator is erroneous, and is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.